IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

In re: RAILYARD COMPANY, LLC,             Bankruptcy Case No. 15-12386-t7
    Debtor.

---

Steve Duran and Rick Jaramillo,

    Appellants,

v.                                                                     1:20-cv-01172-KWR/LF

Craig Dill Trustee, and
Thorofare Asset Based Lending Fund III, L.P.,

    Appellees.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Appellant Rick Jaramillo's[1] Motion to Reverse All Orders and Decisions Made by Judge Thuma or Remand to United States Bankruptcy Court & Motion to Supplement the Record, and memorandum of law in support of his motion, filed on March 19, 2021. Docs 9, 10. Appellee Thorofare Asset Based Lending Fund, III, L.P. ("Thorofare") filed its response on April 5, 2021. Doc. 11. Appellee

---

[1] This appeal was initiated by appellants Rick Jaramillo and Steve Duran. Doc. 1 at 2. Mr. Jaramillo reports that appellant Steve Duran has settled his claims with appellee Thorofare Asset Based Lending Fund III, L.P., and stated that Mr. Duran would submit a motion to withdraw from the appeal. Doc. 9 at 2. Mr. Duran has not submitted a motion to withdraw or any other notice to this Court stating that he no longer wishes to participate in this appeal. Mr. Duran also failed to file a motion to reverse pursuant to the Court's order setting a briefing schedule. Doc. 8. The Court will file a separate order to show cause why Mr. Duran's claims should not be dismissed.

Although in many instances, Mr. Jaramillo and Mr. Duran acted together during the bankruptcy and subsequent appeals, Mr. Duran is not participating in the prosecution of this matter, and the Court will refer only to Mr. Jaramillo's actions in these and other proceedings.

Craig H. Dill filed his response on April 19, 2021. Doc. 12. Mr. Jaramillo filed his reply on May 18, 2021. Doc. 13. The Honorable Kea W. Riggs referred this case to me pursuant to 28 U.S.C. 636(b)(1)(b) and (b)(3) "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." Doc. 2. Pursuant to that order, having reviewed the parties' submissions and the applicable law, and being otherwise fully advised, I find that the Court can fashion no meaningful relief and that this appeal is moot. I therefore recommend that the appeal be dismissed for lack of jurisdiction, and that the Court take no further action.

I. **Background Facts and Procedural Posture**

This matter has been the subject of several bankruptcy appeals by Mr. Jaramillo.[2] In one of the appeals from the bankruptcy court, Mr. Jaramillo raised issues similar to those he raises here. *See In re Railyard Co., LLC*, 2020 WL 2477624 (D.N.M. Feb. 18, 2020), report and recommendation adopted, *In re Railyard Co., LLC*, 2020 WL 1316721 (D.N.M. Mar. 20, 2020), appeal dismissed as moot, *In re Railyard Co., LLC*, 849 F. App'x. 227 (10th Cir. 2021). In that case, the Tenth Circuit Court of Appeals explained the background facts of the underlying bankruptcy, and I will not repeat them here except as necessary to understand the issues in this appeal. *See In re Railyard Co.*, 849 F. App'x. at 227–29.

Appellant Rick Jaramillo is a member and manager of, and equity investor in debtor Railyard Company, LLC ("Railyard"). *Id*. at 227. On September 4, 2015, Railyard filed a Chapter 11 bankruptcy proceeding. Doc. 6 at 1. On July 13, 2016, Craig H. Dill was appointed as the Chapter 11 Trustee of the bankruptcy estate of the debtor. *In re Railyard Co., LLC*, 2020

---

[2] *See Jaramillo v. Dill*, 1:16-cv-00990-MV-LF (D.N.M. Sept. 2, 2016); *Duran et al v. Dill*, 1:17-cv-00947-JCH-GBW (D.N.M. Sept. 9, 2017); *Jaramillo et al v. Dill*, 1:19-cv-00589-MV-SCY (D.N.M. June 27,2019).

WL 2477624, at *1 (D.N.M. Feb. 18, 2020).  In a July 19, 2016 order of recusal, Chief Bankruptcy Judge Robert H. Jacobvitz recused himself, and Judge David T. Thuma was assigned to preside over the bankruptcy proceeding.  Doc. 6 at 112–13.  On October 27, 2016, Mr. Jaramillo objected to Judge Thuma's participation in this case and moved to have Judge Thuma disqualified based on an alleged conflict of interest.  *Id*. at 136–44.  On November 14, 2016, Judge Thuma denied the motion to disqualify.  *Id*. at 146.

On December 17, 2018, the bankruptcy court entered an order converting the case to a Chapter 7 proceeding and appointing Mr. Dill as the Chapter 7 trustee.  *Id*. at 1.  On February 22, 2019, Mr. Dill filed a motion to approve a settlement agreement with the City of Santa Fe.  *Id.* at 163–65.  On June 10, 2019, Judge Thuma approved the settlement agreement with the City of Santa Fe.  *Id*. at 167–69.[3]  On October 23, 2020, Judge Thuma entered a final decree stating that the estate of the debtor had been fully administered, discharging Mr. Dill as the trustee, and closing the bankruptcy case.  *Id*. at 171.

Meanwhile, on June 27, 2019, Mr. Jaramillo appealed the bankruptcy case to this Court.  *Jaramillo*, 1:19-cv-00589-MV-SCY.  In that case, Mr. Jaramillo sought, among other things, Judge Thuma's recusal or disqualification for a violation of "Title 28 section 455(a) and 455(b)(2)." *Id*., Doc. 16 at 2.[4]  Adopting the Magistrate Judge's recommendation, the Honorable District Judge Martha Vazquez found that the recusal decision was unreviewable because Mr.

---

[3] On June 24, 2019, Judge Thuma also approved the settlement with US Bowling Corporation. *See Jaramillo et al v. Dill*, 1:19-cv-00589 MV-SCY, Doc. 11 at 136–39.

[4] Mr. Jaramillo's request for relief asked the Court "to vacate the judgment on the Motion to Strike Objection and Counterclaim, to vacate the Order Approving Motion to Approve Settlement Agreement with the City of Santa Fe, to direct and order Judge Thuma to excuse himself and to vacate all previous judgments and rulings by Judge Thuma in this case." *Jaramillo*, 1:19-cv-00589-MV-SCY, Doc. 16 at 6.

Jaramillo "did not satisfy his duty to present a sufficient record to the reviewing court, including the decision from Judge Thuma giving reasons for denying the recusal motion." *Id*., Doc. 23 at 4. Judge Vazquez entered a final judgment in that case on March 20, 2020. *Id.*, Doc. 24. Mr. Jaramillo appealed Judge Vazquez's ruling to the Tenth Circuit. *Id.*, Doc. 25. The appeal before the Tenth Circuit included a review of Judge Thuma's order denying Mr. Jaramillo's motion to disqualify. *Id*., Doc. 30-1 at 3.

On April 13, 2021, the Tenth Circuit issued its mandate dismissing the appeal as constitutionally moot. The Tenth Circuit explained,

> Here,[] the bankruptcy case is closed, and it does not appear there is any form of meaningful relief—monetary or equitable—the court could order if Appellants were to prevail on appeal. Based on the issues they raised, prevailing on appeal means reversal of the orders denying recusal and striking Appellants' objection to the proposed settlement with the City. But the Trustee has consummated the settlement agreement, liquidated all of Debtor's assets, and distributed all funds of the Estate, including the proceeds of the objected-to settlement. The Estate has thus been fully administered and the bankruptcy case has been closed.

*In re Railyard Co,* 849 F. App'x. at 229–30; *Jaramillo*, 1:19-cv-00589 MV-SCY, Doc. 30-1 at 7. On November 9, 2020, following Mr. Jaramillo's appeal to the Tenth Circuit, but before that court had issued its ruling, Mr. Jaramillo filed a notice of appeal in the bankruptcy court initiating this case. Doc. 1-1. In this case, Mr. Jaramillo raises issues similar to those he raised in the Tenth Circuit: that Judge Thuma's failure to recuse himself violated 28 U.S.C. § 455(b)(2), Federal Rule of Bankruptcy Procedure 5004, and Mr. Jaramillo's rights to equal protection and due process. *See generally* Docs. 4, 10. Simply repackaging the same arguments in a second appeal does not change the result. This case is moot for the same reasons articulated by the Tenth Circuit because the Court cannot fashion any meaningful relief.

4

## II.  Discussion

"The mootness doctrine 'derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'" *Ghalani v. Sessions*, 859 F.3d 1295, 1300 (10th Cir. 2017) (quoting *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974)).  An "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Brown v. Buhman*, 822 F.3d 1151, 1165 (10th Cir. 2016) (*quoting Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013)).  "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Id*. (internal quotation and citation omitted); *see also WildEarth Guardians v. Pub. Serv. Co. of Colorado*, 690 F.3d 1174, 1182 (10th Cir. 2012) ("Mootness usually results when a plaintiff has standing at the beginning of a case, but, due to intervening events, loses one of the elements of standing during litigation. . . .").  "A case will be rendered moot if 'the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.' " *Wyoming v. United States Dep't of Agric.*, 414 F.3d 1207, 1212 (10th Cir. 2005) (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)).  "The crucial question is whether granting a present determination of the issues offered will have some effect in the real world." *Id*. (internal quotation and citation omitted).  "Put another way, a case becomes moot when a plaintiff no longer suffers actual injury that can be redressed by a favorable judicial decision." *Ind v. Colo. Dep't of Corr.*, 801 F.3d 1209, 1213 (10th Cir. 2015).  Specifically, a bankruptcy "appeal is constitutionally moot if the court can fashion no meaningful relief." *In re Paige*, 584 F.3d 1327, 1336 (10th Cir. 2009).  "Mootness deprives federal courts of jurisdiction." *Brown*, 822 F.3d at 1165.

As discussed above, the bankruptcy case was settled, the estate was fully administered, and the bankruptcy case has been closed.  There is no form of meaningful relief that the Court could order if Mr. Jaramillo were to prevail.  Simply re-appealing the bankruptcy case and revising the issue previously raised in a new appeal does not deconstruct the settlement, un-liquidate all of the debtor's assets, un-distribute all of the funds of the estate, or revive the bankruptcy case.

Both Thorofare and Mr. Dill argue that the case is moot in their responses.  *See* Doc. 11; Doc. 12 at 4–6.  Mr. Jaramillo, however, does not address the mootness issue in his reply.  Instead, he argues the merits of the disqualification issue.  Doc. 13.  But Mr. Jaramillo does acknowledge that "[a] claim for disqualification, like any other claim, cannot be adjudicated absent a live dispute between the parties."  *Id.* at 3.  Citing *Pontarelli v. Stone*, 978 F.2d 773 (1st Cir. 1992), Mr. Jaramillo argues that the remedy to correct the situation where a trial judge has wrongly failed to disqualify him or herself "is for the appellate court to reverse the decision of the case on the merits and to order a new trial before a different judge."  Doc. 13 at 3–4.  The First Circuit, explained, however, that "the mooting of the appeal on the merits by plaintiffs' settlement of the underlying case also moots any remedy that could be granted by this court."  *Pontarelli*, 978 F.2d at 775.  The First Circuit goes on to explain

> before an appellate court can make a ruling on the appropriateness of disqualification by a district judge, the issue must be raised as soon as the cause is known, a factual record must be made, a ruling adverse to appellant must be made on that record, the matter must be properly appealed, **and the underlying dispute as to which the district court ruling is relevant must still remain a live controversy when the issue comes for resolution by the court of appeals**.

*Id*. (emphasis added).

The *Pontarelli* court found that none of the conditions existed in that case and, regardless, "the last one is by itself dispositive." *Id*. Because the parties in *Pontarelli* had settled the matter, the court held:

> If a trial judge has wrongly failed to disqualify him or herself, the remedy to correct this situation is for the appellate court to reverse the decision of the case on the merits and to order a new trial before a different judge. Were we to entertain what remains of this appeal, that is, appellant's challenge to the trial judge's participation in the proceedings below, there remains nothing as to which we could order a reversal on the merits or as to which we could order a new trial or hearing. Clearly, nothing remains of the suit that was brought by plaintiffs against defendants in the district court. The case, and all its appendages and side issues, has been mooted because the real parties to the real controversy have decided there is no longer a controversy. It goes without saying that it is the existence of a controversy that grants federal courts, district or appellate, the power to act. The lack of such a controversy deprives federal courts of authority to further exercise their authority, except as to incidental matters. Under the present circumstances, in which our intervention would be only of academic interest or advisory in nature, dismissal of appellant's appeal is obligatory.

*Id*. at 775–76. In other words, the First Circuit case cited by Mr. Jaramillo is consistent with the Tenth Circuit's opinion that the matter of disqualification cannot be adjudicated by a federal court without a live case or controversy. *In re Railyard Co,* 849 F. App'x. at 229–30. Here, the lack of a live case or controversy due to the settlement of the underlying bankruptcy case renders this appeal moot.

## III.  Recommendation

### A. Dismissal with Prejudice

There is no longer a case or controversy at issue in this case. There is no form of meaningful relief that the Court could order if Mr. Jaramillo were to prevail, rendering this appeal moot. Thus, the Court does not have jurisdiction to make a determination on the merits. I recommend that the court dismiss this appeal in its entirety with prejudice.

B.  **Recommendation for Filing Restrictions**

As discussed above, Mr. Jaramillo and Mr. Duran have filed numerous cases appealing the same bankruptcy case, two of which were based on Judge Thuma's refusal to recuse himself. I find that filing restrictions are appropriate so that the Court does not expend valuable resources addressing future frivolous cases, and I recommend that the Court issue filing restrictions for Mr. Jaramillo and Mr. Duran, together and separately.

The Tenth Circuit has discussed the Court's power to impose filing restrictions and the procedure for imposing filing restrictions:

> "[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir.1989) (per curiam) (citation omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir.1986). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the . . . court in curbing the particular abusive behavior involved," except that they "cannot be so burdensome . . . as to deny a litigant meaningful access to the courts." *Id.* (brackets and internal quotation marks omitted). "Litigiousness alone will not support an injunction restricting filing activities. However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth." *Tripati*, 878 F.2d at 353 (citations omitted). "[T]here must be some guidelines as to what [a party] must do to obtain the court's permission to file an action." *Id.* at 354. "In addition, [the party] is entitled to notice and an opportunity to oppose the court's order before it is instituted." *Id.* A hearing is not required; a written opportunity to respond is sufficient. *See id.*

*Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013).

1.  <u>Mr. Jaramillo's and Mr. Duran's Abusive Filing History</u>

In addition to this case, Mr. Jaramillo and Mr. Duran have filed three other appeals based on the same bankruptcy case, case number 15-12386-t11. *See Jaramillo v. Dill*, 1:16-cv-00990-MV-LF (D.N.M. Sept. 2, 2016); *Duran et al v. Dill*, 1:17-cv-00947-JCH-GBW (D.N.M. Sept. 15, 2017); *Jaramillo et al v. Dill*, 1:19-cv-00589-MV-SCY (D.N.M. June 27, 2019). The three

8

other bankruptcy appeals were dismissed either on the merits or because Mr. Jaramillo and Mr. Duran did not prosecute the appeal.

Mr. Jaramillo and Mr. Duran also have filed two civil lawsuits against Mr. Dill in his capacity as trustee in the bankruptcy case. *See Steven Duran et al v. Dill*, 1:16-cv-00928-WJ-KK (filed 8/15/2016, closed 11/16/2016); *Jaramillo et al v. Frewing et al*, 1:17-cv-00673-JB-SCY (filed 06/23/17, closed 08/28/18), Doc. 20 at 3. In *Frewing*, United States Magistrate Judge Steven Yarbrough explained:

> This is not the first lawsuit Plaintiffs Steven Duran and Rick Jaramillo have pursued against Defendant Dill in his capacity as trustee of the bankruptcy estate. On August 15, 2016, Plaintiffs filed suit against Mr. Dill and attempted to nullify Judge Jacobvitz's order approving his appointment as trustee. *See Duran v. Dill*, Civ. No. 16-928. Chief Judge William P. Johnson ultimately dismissed the plaintiffs' Complaint on the bases that (1) Defendant Dill, in his capacity as trustee, was immune from suit; (2) the court lacked subject matter jurisdiction because the plaintiffs had not obtained permission to sue Defendant Dill, and (3) the plaintiffs insufficiently served him. *See id.* Doc. 6 at 5-7.

*Frewing*, 1:17-cv-00673-JB-SCY, Doc. 20 at 4.

In *Frewing*, the defendants, including Mr. Dill, filed motions to dismiss. *Id.*, Docs. 12, 14. Mr. Jaramillo and Mr. Duran failed to respond to the defendants' motions. *Id.*, Doc. 20 at 4. Judge Yarbrough found that the Court did not have jurisdiction and recommended that the case be dismissed. *Id.*, Doc. 20 at 18. Judge Yarbrough further recommended that filing restrictions be placed on Mr. Jaramillo and Mr. Duran "to prevent future frivolous lawsuits against

Defendant Dill."[5] *Id*. at 17.  Ultimately the Honorable District Judge James Browning adopted Judge Yarbrough's recommendations, including those for filing restrictions.[6]  *Id.*, Doc. 21 at 10.

In addition to the repetitious complaints against Mr. Dill, Mr. Jaramillo and Mr. Duran filed this case again raising the issue of whether Judge Thuma has a conflict of interest despite having previously raised the issue in *Jaramillo*, 1:19-cv-00589-MV-SCY.  Mr. Jaramillo's and Mr. Duran's actions in raising the same issue in a second appeal are frivolous at best and abusive at worst.  The Tenth Circuit has held that the settlement of bankruptcy case no. 15-12386-t11 renders the issue of Judge Thuma's recusal moot.  I recommend dismissal of this case for the same reasons articulated by the Tenth Circuit and based on the same analysis.

The civil lawsuits and appeals over the past five years have required defendants/appellees to hire attorneys and file responses.  Mr. Jaramillo and Mr. Duran consistently have failed to fully prosecute their cases, causing the unnecessary expenditure of resources by the defendants/appellees, as well as the unnecessary expenditure of the Court's resources.  Judge Browning already has imposed filing restrictions for Mr. Jaramillo and Mr. Duran with regard to civil lawsuits against Mr. Dill.  *Frewing*, 1:17-cv-00673-JB-SCY, Doc. 21.  I recommend that the Court also restrict Mr. Jaramillo and Mr. Duran from filing additional appeals related to bankruptcy case number 15-12386-t11.

---

[5] Judge Yarbrough recommended that the Court impose the following filing restrictions: Plaintiffs be required to (1) file a petition with the Clerk of Court requesting leave to file a pro se proceeding against Defendant Dill, (2) file with the Clerk of Court a notarized affidavit setting out the basis of the causes of action they intend to pursue against Defendant Dill and specifically why the intended causes of action are not directed toward Defendant Dill in his capacity as the bankruptcy trustee, or (3) state that they have received permission in bankruptcy court to bring suit against Defendant Dill.  *Frewing*, 1:17-cv-00673-JB-SCY, Doc. 20 at 17–18.

[6] Mr. Jaramillo filed a motion to set aside the judgment and allow him to respond to defendants' motion to dismiss, which the Court denied.  *See Frewing,* 1:17-cv-00673-JB-SCY, Docs. 23, 29, 30, 31.

2. <u>Proposed Filing Restrictions</u>

I recommend this Court impose the following filing restrictions:

That Steve Duran and Rick Jaramillo, together and separately, be enjoined from making further filings in this case except objections to this order, responses to any orders to show cause, a notice of appeal, and a motion for leave to proceed on appeal *in forma pauperis*; and the Clerk will be directed to not file any additional submissions by appellants in this case other than objections to this order, responses to any orders to show cause, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis,* unless a licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing.

That Steve Duran and Rick Jaramillo, together and separately, also be enjoined from initiating further litigation in this Court regarding bankruptcy case number 15-12386-t11, and the Clerk will be directed to not file any initial pleading that they submit together or individually, unless a licensed attorney who is admitted to practice before this Court signs the pleading.

That Steve Duran and Rick Jaramillo, together and separately, also be enjoined from initiating future litigation in this Court regarding other subject matter and persons who were not parties in bankruptcy case number 15-12386-t11, and the Clerk will be directed to not file any initial pleading that they submit together or individually, unless either a licensed attorney who is admitted to practice before this Court signs the pleading or the plaintiff first obtains permission to proceed *pro se*. *See DePineda v. Hemphill*, 34 F.3d 946, 948–49 (10th Cir. 1994). To obtain permission to proceed *pro se* in this Court, Steve Duran and Rick Jaramillo, together or separately, must take the following steps:

1. File with the Clerk of Court a petition requesting leave to file a *pro se* initial pleading, a notarized affidavit, the proposed initial pleading, and a copy of these filing restrictions;

11

      2. The affidavit must be notarized, be in proper legal form and recite the claims that Steve Duran and Rick Jaramillo, together or separately, seek to present, including a short discussion of the legal bases for the claims, and the basis of the Court's jurisdiction of the subject matter and parties. The affidavit must certify that, to the best of the affiant's knowledge, his claims are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation; and that he will comply with all Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If the claims have previously been raised or the defendants have previously been sued by them, the affidavit must certify that the proposed new suit does not present the same claims that this or another court has decided, and explain why the new suit would not be an abuse of the system;

      3. The Clerk of the Court shall open a new civil case, file the petition, the affidavit, the proposed pleading, and the copy of these restrictions in the new civil case, and randomly assign a Magistrate Judge to determine whether to grant the petition to proceed *pro se* in the new civil case. *See In re: Billy L. Edwards,* 2:15-cv-00631-MCA-SMV*, Doc. 21 at 6-9 (D.N.M. November 13, 2015) (adopting procedure, similar to that of the Tenth Circuit, of opening a new case and filing the restricted filer's petition to proceed *pro se*). If the Magistrate Judge approves Steve Duran's and/or Rick Jaramillo's petition to proceed *pro se*, the Magistrate Judge shall enter an order indicating that the matter shall proceed in accordance with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If the Magistrate Judge does not approve the petition to proceed *pro se*, the Magistrate Judge shall instruct the Clerk to assign a District Judge to dispose of the new case.

3. <u>Opportunity to Be Heard</u>

I recommend the Court allow Mr. Jaramillo and Mr. Duran an opportunity to show cause why the Court should not enter the proposed filing restrictions.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific.** *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, **73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of** *de novo* **review by a district or appellate court. In other words, if no objections are filed, no appellate review will be allowed.**

_____
Laura Fashing
United States Magistrate Judge