IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

In re: RAILYARD COMPANY, LLC,            Bankruptcy Case No. 15-12386-t7
       Debtor.

---

Steve Duran and Rick Jaramillo,

      Appellants,

v.                                                             1:20-cv-01172-KWR/LF

Craig Dill Trustee, and
Thorofare Asset Based Lending Fund III, L.P.,

      Appellees.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on two *sua sponte* orders to show cause issued to pro se appellant Steve Duran. Docs. 38, 39. The Court issued the first order to show cause because Mr. Duran failed to file a motion to reverse, thereby failing to prosecute his claim against defendants in violation of the Court's order setting briefing schedule (Doc. 8). Doc. 15. Mr. Duran was required to respond to the first order by December 13, 2021, but failed to do so. Accordingly, the Court issued a second order to show cause for Mr. Duran's failure to comply with the Court's first order. Doc. 18 ("second order"). Mr. Duran was required to respond to the second order by January 4, 2022. *Id*. The record indicates that the second order was mailed to Mr. Duran at his address of record. There is no indication that Mr. Duran did not receive the second order to show cause. Nonetheless, Mr. Duran failed to respond to the second order to show cause in violation of that order. This is the third time Mr. Duran has failed to obey an order of the Court. Mr. Duran has not filed anything with the Court or participated in the prosecution of this case since December 15, 2020. Doc. 5.

The Federal Rules of Civil Procedure authorize sanctions, including dismissal, for failing to appear at a pretrial or scheduling conference, *see* FED. R. CIV. P. 16(f) and 37(b)(2)(C), and for failing to comply with court rules or any order of the court, *see* FED. R. CIV. P. 41(b). As the Tenth Circuit has explained, Rule 16(f) "indicates the intent to give courts very broad discretion to use sanctions where necessary to insure . . . that lawyers and parties . . . fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial." *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) (quoting *Mulvaney v. Rivair Flying Serv., Inc. (In re Baker)*, 744 F.2d 1438, 1440 (10th Cir. 1984) (en banc)). "It is within a court's discretion to dismiss a case if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 918 (10th Cir.1992).

Before imposing dismissal as a sanction, a district court should evaluate the following factors on the record: "(1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Gripe*, 312 F.3d at 1188 (summarizing the *Ehrenhaus* factors). Although *Ehrenhaus* involved sanctions for discovery violations, "Rule 41(b) involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria." *Id*. (quoting *Mobley v. McCormick*, 40 F.3d 337, 341 (10th Cir.1994)). "The factors do not create a rigid test but are simply criteria for the court to consider." *Id*. (citing *Ehrenhaus,* 965 F.2d at 921).

In this case, Mr. Duran failed to obey several orders of the Court. He failed to file his motion to remand in accordance with the brief scheduling order and failed to respond to two

orders to show cause. Mr. Duran's failure to participate has not caused a high degree of prejudice to defendants. Although defendants have expended time and money responding to Mr. Jaramillo's motion to reverse or remand, they did not have to expend any time or money responding to Mr. Duran, as he did not file anything.

Mr. Duran's lack of participation, however, does interfere with the judicial process. Mr. Duran's case has been stymied by his failure to participate. Mr. Duran's bankruptcy appeal cannot move forward without his motion to reverse or remand.

Mr. Duran is culpable for violating the Court's orders. There is no indication that he did not receive the Court's orders, and no explanation as to why he has refused to abide by them. As noted in this Court's Proposed Findings and Recommended Disposition, appellant Rick Jaramillo reported that Mr. Duran had settled his claims with appellee Thorofare Asset Based Lending Fund III, L.P., and stated that Mr. Duran would submit a motion to withdraw from the appeal. Doc. 14 at 1 n.1. Mr. Duran has not submitted a motion to withdraw or any other notice to this Court stating that he no longer wishes to participate in this appeal. Instead, Mr. Duran has repeatedly violated the Court's orders.

Finally, Mr. Duran was warned in the second order to show cause that sanctions—including dismissal with prejudice—could be imposed. Doc. 18 at 2. Despite this warning, Mr. Duran has ignored three orders of this Court, indicating that lesser sanctions would not be effective.

Because the *Ehrenhaus* factors weigh in favor of dismissal, I recommend that pro se appellant Steve Duran's bankruptcy appeal be dismissed with prejudice.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific.** ***United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma****,* **73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of** *de novo* **review by a district or appellate court. In other words, if no objections are filed, no appellate review will be allowed.**

_____
Laura Fashing
United States Magistrate Judge