# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEWMEXICO

In re: RAILYARD COMPANY, LLC,     Bankruptcy Case No. 15-12386-t7
    Debtor.

---

STEVE DURAN AND RICK JARAMILLO,

    Appellants,

v.                                                                          1:20-cv-01172-KWR-LF

CRAIG DILL, Trustee, and
THOROFARE ASSET BASED LENDING FUND III, L.P.,

    Appellees.

## AMENDED ORDER ADOPTING MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

The magistrate judge filed her Proposed Findings and Recommended Disposition ("PF&RD") on January 11, 2022. Doc. 20. The PF&RD notified the parties of their ability to file objections within fourteen (14) days and that failure to do so waived appellate review. To date, appellant Steve Duran and appellees Craig Dill, Trustee, and Thorofare Asset Based Lending Fund III, L.P., have not filed any objections.[1] There is nothing in the record indicating that the proposed findings were not delivered to Mr. Duran or the appellees. Appellant Rick Jaramillo's claims were dismissed with prejudice on January 10, 2022. Doc. 19. Nevertheless, Mr. Jaramillo filed objections on January 25, 2022. Doc. 21. The Court overrules Mr. Jaramillo's objections, as discussed below, dismisses this case with prejudice, and imposes filing

---

[1] On January 28, 2022, Mr. Duran filed his motion to withdraw his appeal and his response to the PF&RD. Doc. 22. In the motion, Mr. Duran asks that the Court allow him to withdraw his participation in the Appeal. *Id*. Mr. Duran does not show cause why filing restrictions should not be imposed. *Id*. Because the Court dismisses Mr. Duran's claims with this order, the Court finds that his motion to withdraw is moot, and Mr. Duran's motion does not change the Court's decision to impose filing restrictions.

restrictions on Mr. Duran and Mr. Jaramillo.

## I. Procedural Posture

On December 2, 2021, the magistrate judge issued her report and recommendations ("R&R") with regard to Mr. Jaramillo's Motion to Reverse All Orders and Decisions Made by Judge Thuma or Remand to United States Bankruptcy Court & Motion to Supplement the Record. Doc. 14. The magistrate judge recommended that Mr. Jaramillo's bankruptcy appeal be dismissed with prejudice, and that the Court impose filing restrictions on Mr. Jaramillo and Mr. Duran. *Id*. at 7–13. Mr. Jaramillo sought an extension of time to file objections to the R&R (Doc. 16), and the Court granted Mr. Jaramillo an extension through January 7, 2022 (Doc. 17). Mr. Jaramillo did not file objections to the R&R by January 7, 2022, and did not file a motion for an additional extension of time. Accordingly, the Court adopted the magistrate judge's recommendations, dismissed Mr. Jaramillo's bankruptcy appeal, and gave Mr. Jaramillo and Mr. Duran through January 25, 2022, to show cause why the Court should not enter the proposed filing restrictions. Doc. 19.

Meanwhile, on December 2, 2021, the magistrate judge issued an order to show cause to Mr. Duran for his failure to file a motion to reverse and remand in violation of the Court's brief scheduling order. Doc. 15. Mr. Duran failed to respond to the order to show cause, prompting the Court to issue a second order to show cause to Mr. Duran on December 21, 2021. Doc. 18. Mr. Duran failed to respond to the second order to show cause. Consequently, on January 11, 2022, the Court issued its PF&RD recommending that Mr. Duran's bankruptcy appeal be dismissed with prejudice. Doc. 20. Mr. Duran did not file objections to the PF&RD. Further, Mr. Duran did not respond to the Court's order to show cause why filing restrictions should not be imposed (Doc. 19). Accordingly, the Court will adopt the magistrate judge's

recommendation, dismiss Mr. Duran's bankruptcy appeal with prejudice, and impose filing restrictions on Mr. Duran.

## II.  Mr. Jaramillo's Objections

In considering objections, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  To preserve an issue for de novo review, "a party's objections to the magistrate judge's report and recommendation must be both timely and specific." *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act . . . ."  *Id*.

The Tenth Circuit has "adopted a firm waiver rule that provides that the failure to make timely objections to the magistrate[ judge]'s findings or recommendations waives appellate review of both factual and legal questions."  *Id.* at 1059 (internal quotation marks omitted).  This rule "advance[s] the policies behind the Magistrate's Act," including "enabl[ing] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute and giv[ing] the district court an opportunity to correct any errors immediately."  *Id.* (citation and internal quotation marks omitted).  The firm waiver rule promotes the efficient use of judicial resources based upon "the same rationale that prevents a party from raising an issue before a circuit court of appeals that was not raised before the district court."  *Id*. at 1060 (brackets and internal quotation marks omitted).

3

It is unclear whether Mr. Jaramillo is filing objections to the PF&RD (Doc. 20) or the R&R (Doc. 14). Doc. 21. Regardless, the objections are without merit. To the extent Mr. Jaramillo is attempting to file objections to the magistrate judge's R&R, those objections are untimely. On December 14, 2021, Mr. Jaramillo sent an email to Judge Fashing's chambers seeking an extension of time to file objections. Doc. 16. Mr. Jaramillo explained that he contracted Covid-19 and could not file objections by the December 16 deadline. *Id*. The Court construed the email as a motion, filed it on the docket, and granted the extension through January 7, 2022. Doc. 17. In the order granting the extension, the Court advised Mr. Jaramillo in bold-face type that "**[a]ll future filings with the Court must be made by mailing or delivering the documents to the clerk's office**." *Id*. The Court further warned that "**the failure to file timely and specific objections to the Proposed Findings and Recommended Disposition will result in waiver of de novo review by a district or appellate court.**" *Id*.

Mr. Jaramillo did not file objections by January 7, 2022. Instead, Mr. Jaramillo, once again, emailed chambers with a second request for additional time to file objections to Magistrate Judge Fashing's report and recommendations. In the email, Mr. Jaramillo advised that he had again tested positive for Covid-19 on December 24, 2021, and continued to have symptoms. *See* email dated January 7, 2022, attached as Exhibit A. Judge Fashing's clerk informed Mr. Jaramillo—as he was previously advised in the order granting the extension (Doc. 17)—that chambers would not file documents on his behalf, and he would need to file a motion for an extension of time on the docket. *Id.* Mr. Jaramillo did not file a motion for an extension of time on the docket.

Although the Court is not unsympathetic to Mr. Jaramillo's predicament, the Court made it clear that Mr. Jaramillo needed to file a motion with the Court and not seek extensions through emails to chambers. Mr. Jaramillo was capable of making a written request as evidenced by his

4

written email.  Further, Mr. Jaramillo could have made a timely request for an extension.  Mr. Jaramillo explains that he tested positive for Covid-19 on December 24, 2021, but he did not begin to seek an extension until two weeks later, on January 7, 2022—the date the objections were due.  *See* Exhibit A.  There was no need to wait until the due date to seek an extension when he knew he had contracted Covid-19 two weeks prior to the deadline.  Mr. Jaramillo's objections are not timely and, therefore, the firm waiver rule applies.

The Tenth Circuit has recognized two exceptions to the firm waiver rule.  The Court does not apply the rule "when (1) a pro se litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the interests of justice require review."  *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) (internal quotation marks omitted).  Here, the first exception does not apply because Mr. Jaramillo was informed of the time period for objecting and the consequences of failing to object.  *See* Doc. 14 at 13; Doc. 17.  On the other hand, Mr. Jaramillo explains that he had contracted Covid-19 and suffered a severe case of this disease, preventing him from filing timely objections.  Doc. 21 at 4.  Under these circumstances, the Court will address the merits of Mr. Jaramillo's objections in the interest of justice.[2]

Mr. Jaramillo's objections are primarily a reiteration of many of the same arguments he made in his Motion to Reverse All Orders and Decisions Made by Judge Thuma.  *Compare* Docs. 9, 10 *with* Doc. 21.  It appears, however, that he specifically criticizes the magistrate judge for finding that the case was moot because the claims sought in this lawsuit were "distinctively

---

[2] The Tenth Circuit has enumerated several factors a court should consider in determining whether to invoke the "interest of justice" exception.  For instance, a pro se litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised are all relevant considerations in this regard.  *Morales-Fernandez*, 418 F.3d 1116, 1120 (10th Cir. 2005).

5

different from the last Appeal that this Court has cited as being ruled on and moot." Doc. 21 at 2. Mr. Jaramillo points out that he did not raise an equal protection and due process claim in the previous appeal, and that the Tenth Circuit did not address those claims. *Id*. The problem with Mr. Jaramillo's argument is that it does not matter how he packaged his claims; the magistrate judge was correct in determining that the case is moot and must be dismissed.

As the magistrate judge explained, "a bankruptcy 'appeal is constitutionally moot if the court can fashion no meaningful relief.'" Doc. 14 at 5 (quoting *In re Paige*, 584 F.3d 1327, 1336 (10th Cir. 2009)). Because "the bankruptcy case was settled, the estate was fully administered, and the bankruptcy case has been closed[, t]here is no form of meaningful relief that the Court could order if Mr. Jaramillo were to prevail." *Id*. Regardless of how Mr. Jaramillo's claims are presented, whether the claims are couched in terms of violations of the constitution, as in this case, or based on the alleged errors by the bankruptcy judge as in 1:19-cv-00589 MV-SCY, the Court can fashion no meaningful relief. Once the bankruptcy is settled and the estate fully administered, there is no form of meaningful relief that the Court could order if Mr. Jaramillo were to prevail.

As the Tenth Circuit explained:

> Based on the issues they raised, prevailing on appeal means reversal of the orders denying recusal and striking Appellants' objection to the proposed settlement with the City. But the Trustee has consummated the settlement agreement, liquidated all of Debtor's assets, and distributed all funds of the Estate, including the proceeds of the objected-to settlement. The Estate has thus been fully administered and the bankruptcy case has been closed.
>
> Appellants do not dispute these facts and have not suggested there is any form of real-world relief we could order if we determined either that they had standing to object to the settlement or that the bankruptcy judge should have recused himself. We thus conclude the appeal is constitutionally moot and must be dismissed for lack of jurisdiction. *See EEOC v. CollegeAmerica Denver, Inc.*, 869 F.3d 1171, 1173 (10th Cir. 2017) (explaining that because "[a] case or controversy does not exist when a claim is moot," moot appeals "must be dismissed").

*In re Railyard Co., LLC*, 849 F. App'x. 227 (10th Cir. 2021) (unpublished).

Similarly, in this case, the relief sought by Mr. Jaramillo—"to vacate all orders and decisions from Judge Thuma and order Judge Thuma to excuse himself"—cannot be ordered by this Court because there is no longer a case or controversy to reverse or remand. *See* Doc. 9 at 6. The case is simply over, and this Court no longer has jurisdiction. Accordingly, Mr. Jaramillo's objection is overruled.

To the extent Mr. Jaramillo is attempting to object to the PF&RD (Doc. 19), his efforts are unavailing. Mr. Jaramillo is not a lawyer and cannot object on Mr. Duran's behalf. *See In re Shattuck*, 411 B.R. 378, 383 (10th Cir. BAP (Colo.) 2009) (although a person may represent themselves, "it is well settled that a lay person may not represent the rights or interests of anyone else."). Second, Mr. Jaramillo does not specifically object to any aspect of the magistrate judge's analysis of the *Ehrenhaus* factors or to the magistrate judge's proposed dismissal of Mr. Duran's appeal. Mr. Jaramillo fails to articulate any specific objections with regard to the dismissal of Mr. Duran's appeal. Thus, any objection to the PF&RD is overruled.

In the Court's order adopting the R&R, the Court gave Mr. Duran and Mr. Jaramillo an opportunity to show cause why filing restrictions should not be imposed. Doc. 19 at 2. Mr. Duran failed to respond to the Court's order to show cause. Mr. Jaramillo fails to show cause why filing restrictions should not be imposed. He does not deny the abusive filing history outlined by the magistrate judge in her R&R. *See* Doc. 14 at 8–10. Mr. Jaramillo asserts, without citation to any legal authority, that he has an absolute right to raise claims without an attorney. Doc. 21 at 3. This is not correct. As the magistrate judge explained, the Tenth Circuit has recognized this Court's power to impose filing restrictions and has outlined the procedure for doing so:

7

> "[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (per curiam) (citation omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir.1986). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the . . . court in curbing the particular abusive behavior involved," except that they "cannot be so burdensome . . . as to deny a litigant meaningful access to the courts." *Id.* (brackets and internal quotation marks omitted). "Litigiousness alone will not support an injunction restricting filing activities. However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth." *Tripati*, 878 F.2d at 353 (citations omitted). "[T]here must be some guidelines as to what [a party] must do to obtain the court's permission to file an action." *Id.* at 354. "In addition, [the party] is entitled to notice and an opportunity to oppose the court's order before it is instituted." *Id.* A hearing is not required; a written opportunity to respond is sufficient. *See id.*

Doc. 14 at 8 (quoting *Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013)).

The filing restrictions recommended by the magistrate judge are carefully tailored for the circumstances given Mr. Duran's and Mr. Jaramillo's abusive and lengthy litigation history as described by the magistrate judge. *See* Doc. 14 at 8–10. Further, the filing restrictions do not deny Mr. Duran or Mr. Jaramillo meaningful access to the courts but are designed to assist the Court in curbing the particular abusive behavior involved. Accordingly, the filing restrictions, as recommended by the magistrate judge, will be imposed.

Finally, Mr. Jaramillo requests that he be allowed additional time to "amend this response and objection" because he was diagnosed with Covid 19 on December 15, 2021. Doc. 21 at 4. Mr. Jaramillo does not explain why his objections need to be amended. Moreover, the Court has addressed his untimely objections under an exception to the firm waiver rule, effectively granting Mr. Jaramillo an extension of time to file the objections. Thus, it is not necessary for Mr. Jaramillo to amend his objections or have any further extension of time. The Court denies the request to amend or for an extension.

**IT IS THEREFORE ORDERED AS FOLLOWS:**

1. The Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 20) are **ADOPTED**;

2. Appellant Steve Duran's appeal from bankruptcy court is **DISMISSED WITH PREJUDICE**;

3. Appellant Rick Jaramillo's objections are **OVERRULED** and his request for an extension of time and to amend his response is **DENIED**; and

4. **FILING RESTRICTIONS ARE IMPOSED** on appellants Steve Duran and Rick Jaramillo as follows:

    A. Appellants Steve Duran and Rick Jaramillo, together and separately, are enjoined from making further filings in this case except responses to any orders to show cause, a notice of appeal, and a motion for leave to proceed on appeal *in forma pauperis*; and the Clerk will be directed to not file any additional submissions by appellants in this case other than responses to any orders to show cause, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis,* unless a licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing.

    B. Steve Duran and Rick Jaramillo, together and separately, are enjoined from initiating further litigation in this Court regarding bankruptcy case number 15-12386-t11, and the Clerk will be directed to not file any initial pleading that they submit together or individually, unless a licensed attorney who is admitted to practice before this Court signs the pleading.

    C. Steve Duran and Rick Jaramillo, together and separately, are enjoined from initiating future litigation in this Court regarding other subject matter and persons

9

who were not parties in bankruptcy case number 15-12386-t11, and the Clerk will be directed to not file any initial pleading that they submit together or individually, unless either a licensed attorney who is admitted to practice before this Court signs the pleading or the plaintiff first obtains permission to proceed *pro se*.  *See DePineda v. Hemphill*, 34 F.3d 946, 948–49 (10th Cir. 1994).  To obtain permission to proceed *pro se* in this Court, Steve Duran and Rick Jaramillo, together or separately, must take the following steps:

1. File with the Clerk of Court a petition requesting leave to file a *pro se* initial pleading, a notarized affidavit, the proposed initial pleading, and a copy of these filing restrictions;

2. The affidavit must be notarized, be in proper legal form and recite the claims that Steve Duran and Rick Jaramillo, together or separately, seek to present, including a short discussion of the legal bases for the claims, and the basis of the Court's jurisdiction of the subject matter and parties.  The affidavit must certify that, to the best of the affiant's knowledge, his claims are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation; and that he will comply with all Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure.  If the claims have previously been raised or the defendants have previously been sued by them, the affidavit must certify that the proposed new suit does not

       present the same claims that this or another court has decided, and explain why the new suit would not be an abuse of the system;

3. The Clerk of the Court shall open a new civil case, file the petition, the affidavit, the proposed pleading, and the copy of these restrictions in the new civil case, and randomly assign a Magistrate Judge to determine whether to grant the petition to proceed *pro se* in the new civil case. *See In re: Billy L. Edwards,* 2:15-cv-00631-MCA-SMV*,* Doc. 21 at 6–9 (D.N.M. November 13, 2015) (adopting procedure, similar to that of the Tenth Circuit, of opening a new case and filing the restricted filer's petition to proceed *pro se*). If the Magistrate Judge approves Steve Duran's and/or Rick Jaramillo's petition to proceed *pro se*, the Magistrate Judge shall enter an order indicating that the matter shall proceed in accordance with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If the Magistrate Judge does not approve the petition to proceed *pro se*, the Magistrate Judge shall instruct the Clerk to assign a District Judge to dispose of the new case.

5.      This case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

                                                    **KEA W. RIGGS**
                                                    **UNITED STATES DISTRICT JUDGE**